```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-60250-Civ-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE
```

JOSEPH D. LONG,                  :

    Petitioner,              :

v.                               :      <u>REPORT OF</u>
                                                    <u>MAGISTRATE JUDGE</u>
WALTER A. McNEIL,                :

    Respondent.              :
_____

## I. <u>Introduction</u>

Joseph D. Long, a convicted state felon, has filed this <u>pro</u> <u>se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his convictions and sentences entered in Case No. 03-06431 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County.[1]

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition with separate supporting memorandum of law, the Court has the petitioner's response to an

---

[1] Long was confined at Moore Haven Correctional Facility at Moore Haven, Florida at the time that he filed the instant petition. Records maintained by the Florida Department of Corrections reviewed this date indicate that Long is no longer confined, having been released on June 8, 2009. <u>See</u> http://www.dc.state.fl.us. Although no longer confined in a state prison facility and released either to the street or to some form of community confinement, this Court has jurisdiction in that Long was confined pursuant to the convictions and sentences he attacks when he filed the instant petition. The "in custody" determination is made at the time the section 2254 petition is filed. <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968). Once the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody while the petition is pending. <u>Id</u>.

order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

## II. Claims

Long claims that he received ineffective assistance of trial counsel, because his lawyer failed to: (1) interview, depose and call at trial three specified witnesses and (2) argue that he should have been charged with a misdemeanor offense rather than a felony.

## III. Procedural History

The complicated procedural history of this case is as follows. Long was charged in a thirteen-count Information with the offenses of sexual battery upon a helpless victim (Count I), the unlicensed practice of a health care profession (Counts II, IV-VIII, X, and XII), sexual battery-great force not used (Count III), and battery (Counts IX, XI, XIII). (Record on Direct Appeal at (DE# 16; Ex. 1). Upon Long's motion, the counts were severed for trial. Id. at 10-13, 25-6. The original thirteen counts resulted in two jury trials with jury verdicts, one mistrial, and two separate pleas of no contest. Specifically, during the first jury trial conducted on January 18-20, 2005, Long was found not guilty of the crime charged in Count III (i.e., sexual battery against Hermalina Watson on December 14, 2002) and found guilty of the offense charged in Count IV (i.e., unlicensed practice of a health care profession (massage therapy) committed on December 14, 2002). Id. at 50, 51, 54, 55-7. During the second jury trial conducted on January 25-27, 2005, Long was found guilty of the offenses charged in Count VI (i.e., unlicensed practice of health care profession (massage therapy) committed on January 10, 2003) and Count VII (i.e., unlicensed practice of health care profession (massage therapy) committed on January 17, 2003) and he was adjudicated guilty of the offenses.

Id. at 80-1, 84, 85-6. The state entered a *nolle prosequi* as to the battery offense charged in Count XIII. (DE# 16; Ex. 15). During a single sentencing hearing as to the three guilty verdicts, the trial court sentenced Long to concurrent terms of imprisonment of sixty-three months with a one year mandatory minimum term as to each count which was also imposed to run concurrently. Id. at 90-8. See also DE# 16; Ex. 8.

A trial was next conducted on Count I on November 9, 2005, the trial ended in a mistrial. Long then entered a negotiated plea of no contest to felony battery, a lesser included offense of the crime charged in Count I, and the trial court adjudicated him guilty of the offense and sentenced him to a term of imprisonment of thirty-six months. (DE# 16; Ex. 5). Long next entered negotiated pleas of no contest to the remaining offenses (i.e., Counts V, VIII, IX, X, XI and XII), reserving the right to appeal the denial of his motion to dismiss. (DE# 16; Ex. 6). Long was sentenced to time served as to these offenses. Id. The state entered a *nolle prosequi* as to Count II. After prosecuting two separate direct appeals from the convictions and sentences, the Florida Fourth District Court of Appeal affirmed the convictions and sentences in *per curiam* decisions without written opinion. (DE# 16; Ex. 10, 14). See also Long v. State, 956 So.2d 1197 (Fla. 4 DCA 2007)(table); Long v. State, 957 So.2d 1180 (table).

Shortly after the mandates had issued on direct appeal, Long returned to the trial court to pursue pro se postconviction relief. He first filed a motion to correct an illegal sentence pursuant to Fla.R.Crim.P. 3.800(a), arguing that the sentences imposed as to Counts IV, V, VI, VII, VIII, X and XII, which charged unlawful practice of health care profession, were illegal in that he should have been charged with a misdemeanor pursuant to Fla.Stat. §480.047

3

as opposed to a felony pursuant to Fla.Stat. §456.065. (DE# 16; Ex. 15). The state filed a response, asserting that the motion should be summarily denied in that Long could not properly raise such a claim in a Rule 3.800 motion. (DE# 16; Ex. 15). The trial court agreed with the state and summarily denied the motion, finding that the claim raised should have instead been brought in a motion pursuant to Fla.R.Crim.P. 3.850 since Long was attacking the judgment and not the sentences. (DE# 6; Ex. 15). He filed a second Rule 3.800 motion, claiming that the trial court unlawfully exceeded the statutory maximum by a period of three months. (DE# 6; Ex. 15). The trial court summarily denied the motion, finding the sentence lawful. (DE# 6; Ex. 15). Long did not take appeals from the trial court rulings.

Long also filed in the trial court at least four motions pursuant to Fla.R.Crim.P. 3.850, challenging his various convictions on several grounds, including the two claims of ineffective assistance of trial counsel raised in the instant federal petition. (DE# 16; Ex. 16, 17, 18). Long was summarily denied relief by the trial court, after responses had been filed by the state. (DE# 16; Ex. 16, 17, 18, 19, 20). The appellate court affirmed the trial court's rulings in a *per curiam* decision without written opinion. (DE# 16; Ex. 26). See also Long v. State, 993 So.2d 535 (Fla. 4 DCA 2008)(table). Not long after all state court proceedings had concluded, Long came to this Court, filing the instant pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

IV. Threshold Issues - Timeliness, Exhaustion and Procedural Bar

The respondent correctly does not challenge the timeliness of this petition. See 28 U.S.C. §2244(d). The respondent also correctly concedes that the two ineffective assistance of trial

4

counsel claims raised in the instant petition have been properly exhausted in the state courts. See 28 U.S.C. §2254(b)(1) and (b)(1)(A).[2]

## V. Standard of Review

Petitioner filed his petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). Post-AEDPA law, therefore, governs this action. Abdul-Kabir v. Quarterman, 550 U.S. 233, 127 S.Ct. 1654, 1664, 167 L.Ed.2d 585 (2007); Penry v. Johnson, 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n .9 (11 Cir. 2007). It is important to recognize just how limited is this Court's review in a habeas proceeding. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L .No. 104-132, 110 Stat. 1214 (1996), provides that a federal court may not grant the writ unless the state court adjudication on the merits either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

---

[2]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial. Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979).

As the United States Supreme Court explained in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In deciding whether a state court ruling involved an "unreasonable application" of federal law, this Court does not focus merely upon whether the state court decision was erroneous or incorrect; rather, this Court may issue a writ of habeas corpus only if the state court's application of clearly-established federal law was objectively unreasonable. *See id*. at 409-11. <u>See also</u> <u>Knowles v. Mirzayance</u>, ___ U.S. ___, 129 S.Ct. 1411, 1418 (2009).

The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the U.S. Supreme] Court's decisions as of the time of the relevant state-court decision." <u>Williams v. Taylor</u>, 529 U.S. at 412, 120 S.Ct. at 1523 (majority opinion by O'Connor, J.). Findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11 Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 2053 (2008).

## VI. <u>Discussion</u>

Petitioner claims that he received ineffective assistance of trial counsel for two specified reasons. To prevail on a claim of

ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009), *citing*, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam). The relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable-a substantially higher threshold." Knowles, 129 S.Ct. at 1420. (citations omitted). Finally, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.

Long alleges in ground one that his lawyer rendered ineffective assistance when he failed to interview, depose and then call at trial as defense witnesses the following three individuals: Elizabeth Reynoso, Paula Gulline, and Jackie Long. The claim was more extensively presented in the state postconviction proceeding where Long set forth the prospective witnesses anticipated trial testimony. See Motion for Post Conviction Relief at 5-12. (DE# 16; Ex. 17). Long essentially stated that the witnesses would have testified at trial that he attended classes taught by Guilline, a licensed esthetician, after which he became a licensed esthetician. Id. Long stated that Guilline would have also testified that such licensing permitted Long to perform limited massages in conjunction with the skin care that he provided. Id. Long asserted that if Guilline had been called as a defense witness, then the trial court would have admitted a videotape recording of Guilline demonstrating how facials, body wraps and a full body messages were performed.

Id. Long stated that he had graduated from message therapy school, but had not received his license in message therapy. Id. He further stated that Reynoso, a licensed message therapist, would have testified that he purchased her business to practice as a skin care specialist and that the license remained in her name. Id. He stated that Reynoso maintained a connection with her former business and that if someone came to the business looking for a message therapist and/or had a gift certificate for a message, he would refer that person to Reynoso. Id. Finally, he stated that Jackie Long, his wife and co-owner of the business, would have testified that she was a licensed aesthetician and that she had attended school with her husband where they learned how to perform messages.[3] Id.

A decision whether to call a particular witness is generally a question of trial strategy that should seldom be second guessed. Conklin v. Schofield, 366 F. 3d 1193, 1204 (11 Cir. 2004), cert. denied, 544 U. S. 952 (2005). See also Dorsey v. Chapman, 262 F.3d 1181, 1186 (11 Cir. 2001)(holding that petitioner did not establish ineffective assistance based on defense counsel's failure to call expert witness for the defense in that counsel's decision to not call the expert witness was not so patently unreasonable a strategic decision that no competent attorney would have chosen the strategy); United States v. Guerra, 628 F.2d 410, 413 (5 Cir. 1980)("Complaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative"). Accordingly, complaints of uncalled witnesses are not favored. Buckelew v.

---

[3]An aesthetician is someone who is qualified and licensed to give skin care treatments, such as, facials, seaweed treatments and waxings. See e.g., Trial Transcript at 483.

8

United States, 575 F.2d 515, 521 (5 Cir. 1978). See also White v. Singletary, 972 F.2d 1218, 1220 (11 Cir. 1992)("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.")

Here, it is evident from the record that after conducting a proper investigation into the facts of the case, trial counsel chose not to call at trial the subject prospective witnesses. Counsel instead elected to challenge the testimony of the state's witnesses by way of strong cross-examination, Long's own trial testimony with supporting documentary evidence, and forceful argument to the jury. See e.g., Trial Transcript at 219-30, 271-73, 325-335, 337-44, 374-75, 387, 456-66, 498-9, 504-11, 571-77, 603-19. (DE# 16; Ex. 3). It is noted that trial counsel in support of his argument that the state had failed to satisfy its burden in the case pointed out to the jury that the state had failed to call Reynoso as a state witness. He, therefore, attempted to use the state's failure to call the subject witness to the advantage of the defense.[4] Id. at 612. Moreover, the record reveals that Long, at the very least, acquiesced with regard to trial counsel's strategy not to call Reynoso as a defense witness.[5] Id. at 414-15.

---

[4]Trial counsel stated in pertinent part during closing argument:

> I'm trying to prosecute a guy for unlicensed practice of health care profession, which needs to be, but let's say I was doing that, wouldn't I want to make sure I got all my tracks covered.
>
> They didn't bring the previous owner of the business. They had access to her information. Because they inspected the business before Mr. Long bought the business.

(Trial Transcript at 612).

[5]Review of the trial transcript indicates that after the state had rested, the court asked Long whether he and trial counsel had had an opportunity to discuss whether Long would testify as a witness in his own defense. See Trial Transcript at 411-13. Long responded that he had decided to testify. Id. at 412. Trial counsel then requested to have the court reporter read the testimony provided the previous week from the first trial from state witness Crum, a

9

Further, even if Long can in someway demonstrate that trial counsel's performance was deficient for failing to call any or all of the three-named prospective witnesses, Long cannot satisfy the second prong of *Strickland*, prejudice. The sole issue in this case was whether Long had practiced massage therapy without a license from the required state agency. The issue was not whether Long had attended classes on how to perform messages, whether he was a trained facial specialist (i.e., an aesthetician), and/or whether as a licensed aesthetician he was permitted to give various types of facial treatments. The state presented more than sufficient credible evidence of guilt through the testimony of an employee of the regulating governmental agency, a detective posing as a customer, the videotape recording of the detective receiving a message from Long and scheduling future appointments for messages, the investigating detective, witnesses who Long had practiced upon, and Long's own post-arrest statements, wherein he admitted that he lacked the required license.[6]   *Id*. at 201-10, 263-

---

malpractice investigator employed by the Department of Health. Id. Specifically, counsel wanted to know whether Crum had talked to Reynoso about whether Reynoso had been returning to her former business to give messages. Id. at 413. The court granted the request and Crum's testimony was read, indicating that Crum had not contacted Reynoso and she did not know whether Reynoso, after she had sold the business to Long, was "moonlighting" and using her message therapist license at her former business. Id. at 413-15. When trial counsel stated that he would like to ask Reynoso that question at the second trial, the trial court stated that the defense could call her in its case-in-chief and ask her that question or other questions. Id. at 415. Trial counsel responded: "Your Honor, I discussed it with my client. I'm not going to bother calling her back again." Id. Long remained silent during trial counsel's exchange with the court. Id.

[6]In brief, the state witnesses testified at trial as follows. Detective Nikki Cowheard testified that she participated in an undercover investigation regarding the unlicensed practice of health care at the Le Juvent Healing Hands Spa located in Miramar, Florida. See Trial Transcript at 202-03. She testified that she went to the spa in her undercover capacity posing as a patron using a gift certificate purchased for her for the purpose of obtaining a one-hour message. Id. at 203-07, 208-09. Detective Cowheard testified that on her first visit to the spa for her appointment, she met Long who told her that he had an aesthetician license and a cosmetology license and those licenses allowed him to give messages, although he did not have a message therapy license. Id. at 208-10, 221-24, 227. The message was performed by Long and the detective returned for a

69, 275-93, 304-325, 356-366. The subject prospective witnesses who would have been called for the purpose of testifying as to his training and abilities, which were not at issue in this case, would not have demonstrated that Long, in fact, had the requisite license.

Moreover, Long was called as a defense witness at trial and he extensively testified on his own behalf at trial. Id. at 456-578. Long provided exhaustive testimony regarding his training and qualifications as a licensed aesthetician and explained the various services he was permitted to and did perform pursuant to that license. Id. He further testified that he had also been separately trained in message therapy, and he was trained to perform limited message through his license as an aesthetician. Id. He admitted, however, that he was not a *licensed* message therapist. Id. at 510-11, 524-26. He explained that all his services were performed pursuant to his license as an aesthetician and he testified that he never misled anyone to believe that he was a licensed message therapist. Id. at 511. As was the prerogative of the jury, it rejected the defense presented that Long performed only those

---

second message, not using a gift certificate on that occasion. Id. at 222-23, 270-71. The message was again performed by Long. Id. The two incidents were captured on audio and video surveillance equipment and the recordings were played for the jury at trial. Id. at 204-05, 210-11, 262-69. Detective Armiento, the lead detective, testified as to his investigation into the unlicensed practice of health care being performed at the Le Juvent Healing Hands Spa, the ultimate arrest of Long, and the tape recorded post-arrest statement provided by Long after he had waived his constitutional rights pursuant to Miranda v. Arizona,384 U.S. 436 (1966). Id. at 275-300. The tape recording was played for the jury. Id. at 305-25. Long admitted during his statement that he did not have the subject license. Id. Cindy Crum, an employee from the State of Florida Department of Health, testified that her investigation involving the Le Juvent Helping Hands Salon revealed that Long did not hold a license as a message therapist and there was no documentation that Long was licensed to practice message at the spa. Id. at 356-62. Crum testified that the license number listed on the gift certificate shown her by Detective Armiento was the license number of Elizabeth Reynoso, the former owner. Id. at 365-67. Crum further testified that the license could not be loaned to another to perform a message and that mere training in message or message therapy does not authorize that person to practice message therapy in the State of Florida without the required license. Id. at 367.

services for which he was authorized to perform, and instead believed the strong evidence admitted by the state and the testimony of the state witnesses indicating that Long had unlawfully practiced massage therapy without a license from the required state agency. Thus, the record in this case clearly demonstrates that the subject videotape recorded evidence and prospective testimony would not have aided the defense in that it was merely cumulative to Long's own testimony presented at trial and/or not exculpatory.

Accordingly, trial counsel's failure to call the subject prospective witnesses to testify at trial did not result in prejudice to Long. In other words, Long cannot show a reasonable likelihood the outcome of the trial would have been different. Trial counsel's performance was not constitutionally ineffective for calling at trial the three-named prospective witnesses. Strickland, supra. See also Wellington v. Moore, 314 F.3d 1256, 1260-61 (11 Cir. 2002)(holding that where there is no reasonable probability that the alibi testimony would have changed the outcome of the trial, given the strength of the evidence admitted at trial, the trial court's application of *Strickland's* prejudice prong in postconviction proceeding was not objectively unreasonable); Fortenberry v. Haley, 297 F.3d 1213, 1228 (11 Cir. 2002)(stating that "It is worth reiterating that the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.")

Long claims in ground two that trial counsel rendered ineffective assistance when counsel failed to argue that the charges of unlawful practice of health care profession should have been charged as misdemeanor offenses pursuant to Fla.Stat. §480.047 as opposed to felony offenses pursuant to Fla.Stat. §456.065. This

claim is meritless.

Review of the record reveals that trial counsel Ferraro did in fact raise the identical issue before the final trial during a bond hearing. See Transcript of proceeding conducted on April 18, 2005, at 11-5. (DE# 16; Ex. 4). The trial court denied the motion, first finding that the argument had been raised and rejected by the trial court in the other cases in an earlier motion to dismiss and subsequent renewed motions filed by predecessor counsel. Id. The court went on to address the issue on the merits. Id. After reviewing the various criteria for bringing a charge pursuant to Fla.Stat. §480.047,[7] as opposed to Fla.Stat. §456.065,[8] the court

---

[7]Section 480.047, Fla.Stat. (West 2001) provides as follows:

It is unlawful for any person to:
(a) Hold himself or herself out as a massage therapist or to practice massage unless duly licensed under this chapter or unless otherwise specifically exempted from licensure under this chapter.
(b) Operate any massage establishment unless it has been duly licensed as provided herein, except that nothing herein shall be construed to prevent the teaching of massage in this state at a board-approved massage school.
(c) Permit an employed person to practice massage unless duly licensed as provided herein.
(d) Present as his or her own the license of another.
(e) Allow the use of his or her license by an unlicensed person.
(f) Give false or forged evidence to the department in obtaining any license provided for herein.
(g) Falsely impersonate any other licenseholder of like or different name.
(h) Use or attempt to use a license that has been revoked.
(I) Otherwise violate any of the provisions of this act.
(2) Any person violating the provisions of this section is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

[8]Long was charged pursuant to Fla.Stat. §456.065(2)(d)1. (Unlicensed practice of a health care profession) as follows:

(2) The penalties for unlicensed practice of a health care profession shall include the following:

\*      \*      \*

(d) In addition to the administrative and civil remedies under paragraphs (b) and (c) and in addition to the criminal violations and penalties listed in the individual health care practice acts:
1. It is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, *to practice, attempt to practice, or offer to*

again found that Long was not entitled to relief on his claim and that he had been properly charged with the felony statute as opposed to the misdemeanor statute. Id. When trial counsel objected to the trial court's interpretation of the Fla.Stat. §480.47, the court advised counsel to conduct additional research on the issue and file another motion to again raise the argument. Id. at 15. Rather than proceed to trial, during the change of plea proceeding conducted on November 28, 2005, trial counsel Ferraro advised the court that Long would enter pleas of no contest to the subject charges, reserving the right to appeal the denial of former counsel's motion to dismiss. See Transcript of hearing conducted on November 28, 2005, at 2-4. (DE# 16; Ex. 6).

Thus, lawyers on behalf of Long did raise the identical claim before the different trial court judges and each time the argument was found meritless. Trial counsel's performance can, therefore, not be deemed deficient, as alleged. See Strickland, supra. Even if this Court were to find counsel's performance deficient for failing to conduct additional research and/or further pursue the issue in

---

*practice a health care profession without an active, valid Florida license to practice that profession*. Practicing without an active, valid license also includes practicing on a suspended, revoked, or void license, but does not include practicing, attempting to practice, or offering to practice with an inactive or delinquent license for a period of up to 12 months which is addressed in subparagraph 3. Applying for employment for a position that requires a license without notifying the employer that the person does not currently possess a valid, active license to practice that profession shall be deemed to be an attempt or offer to practice that health care profession without a license. Holding oneself out, regardless of the means of communication, as able to practice a health care profession or as able to provide services that require a health care license shall be deemed to be an attempt or offer to practice such profession without a license. The minimum penalty for violating this subparagraph shall be a fine of $1,000 and a minimum mandatory period of incarceration of 1 year.

(emphasis added).

a better-prepared and supported motion to dismiss,[9] Long cannot demonstrate that he was prejudiced by trial counsel's deficient performance. Long was properly charged under Section 456.065, because the evidence admitted at trial indicates that, contrary to Long's theory of defense, Long actually performed message therapy without having the proper message therapy license. Section 480.047 is inapplicable in that it does not encompass the actual treatment of message therapy. Here, Long was not merely holding himself out as a licensed massage therapist. Since Long would not have prevailed on any additional motion to dismiss before the trial court, and in fact did not prevail when the issue was raised in various forms before the state trial and appellate courts, Long did not receive constitutionally ineffective assistance of trial counsel, as alleged in ground two. See Strickland, 466 U.S. at 693-94 (holding that to establish prejudice it is not enough for the petitioner to show that the error had some conceivable effect on the outcome of the proceeding). See also Knowles v. Mirzayance, 129 S.Ct. at 1422 (stating that to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.")(internal quotation marks and citation omitted). Further,

---

[9]Trial counsel Akpodiete filed on May 10, 2004, a motion entitled, "Defendant's Motion to Dismiss Unlicensed Practice of Health Care Profession (Counts II, IV-VIII, X and XII), asserting that dismissal of the subject counts was warranted in that message is not a health care profession and that Long was allowed to perform a message of the upper body area with his aesthetician (facial skin care) license. (Record on Direct Appeal at 14-5)(DE# 16; Ex. 1). The state filed a response, asserting that the motion should be denied because (1) the motion was insufficient on its face pursuant to applicable Florida Rules of Criminal Procedure and/or (2) Long violated the law when he performed full body messages and his aesthetician license did not give him the authority to perform such full body messages. See Response to Motion to Dismiss Unlicensed Practice of Health Care Profession. (Record on Direct Appeal at 23-4). The trial court denied the motion without explanation in a written order entered on July 23, 2004. See Order on Motion to Dismiss Unlicensed Practice of Health Care Profession (Counts II, IV-VIII, X and XII). (Record on Direct Appeal at 27).

"[t]he law does not require counsel to raise every available nonfrivolous defense". Knowles, supra.

The trial court's determinations that Long was not entitled to postconviction relief on his two claims of ineffective assistance of trial counsel, which decision was affirmed on appeal, see Long v. State, 993 So.2d 535 (Fla. 4 DCA 2008), was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). Williams v. Taylor, 529 U.S. 362 (2000). See also Knowles v. Mirzayance, ___ U.S. ___, 129 S.Ct. 1411, 1420 (March 24, 2009)(stating that *Strickland*-claims are subject to a doubly deferential standard of judicial review under the §2254(d)(1) standard), *citing*, Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)(per curiam).

## VII. Evidentiary Hearing

Petitioner's request for an evidentiary hearing on his claims of ineffective assistance of trial counsel should be denied. To be entitled to an evidentiary hearing on habeas claims, the petitioner must allege facts that, if proved at the hearing, would entitle him to relief. See Schriro v. Landrigan, 550 U.S. 465, 474-75, 127 S.Ct. 1933, 1940 (2007)(holding that if record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). For reasons discussed herein, an evidentiary hearing is not required for the disposition of this case. Id. See also Atwater v. Crosby, 451 F.3d 799, 812 (11 Cir. 2006)(addressing petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the

16

court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Long has failed to demonstrate the existence of any factual dispute that warrants a federal evidentiary hearing.

### VIII. Conclusion

Based upon the foregoing, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 9th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Joseph D. Long
    2343 N.W. 157th Lane
    Pembroke Pines, FL 33028

    Laura Fisher Zibura, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428